PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN GOOTS, <br><br> Plaintiff, <br><br> v. <br><br> PAYCHEX NORTH AMERICA, INC., <br><br> Defendant. | CASE NO. 5:19cv57 <br><br> JUDGE BENITA Y. PEARSON <br><br> **MEMORANDUM OF OPINION AND ORDER** |

On January 9, 2019, Defendant Paychex North America, Inc. removed this state-law age-discrimination case from the Summit County Court of Common Pleas on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1446. ECF No. 1. Plaintiff alleges that he was fired from his job because of his age. ECF No. 1-1. Not satisfied that the amount in controversy exceeded $75,000, the Court ordered Defendant to submit evidentiary material to satisfy the Court of its jurisdiction over the case. ECF No. 5.

In response, Defendant provided evidence showing that Plaintiff earned, on average, $3,416 per month in wages and $911 per month in sales commissions, totaling about $4,327 per month in compensation. ECF No. 6. Defendant pointed out that Plaintiff was terminated in September 2017, and it estimated that, by the time this litigation concludes, he will have missed out on 22 months of payment. *Id.* at PageID#: 22. Multiplying his average monthly haul by the number of months elapsed since his termination, Defendant concluded that the purported backpay damages alone amount to approximately $89,254. *Id.*

(5:19cv57)

Plaintiff responded with a single paragraph. ECF No. 7. He did not dispute Defendant's estimation of his average monthly compensation, but rather, he pointed out that he secured new employment "at, or about, a similar compensation level" about two and a half months after losing his job at Paychex. *Id.* The number of months of lost compensation, he asserts, is not 22 but only about two and a half. *Id.*

Defendant filed a reply, insisting that the Court should not accept Plaintiff's assertion as true because it was unsworn. ECF No. 10.

A defendant seeking removal on the basis of diversity jurisdiction bears the burden to prove by the preponderance of the evidence that the amount-in-controversy requirement is met. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014); 28 U.S.C. § 1446(c)(2)(B). "[R]emoval statutes are to be strictly construed, and 'all doubts should be resolved against removal.'" *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017) (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)); *cf. Dart Cherokee*, 135 S. Ct. at 554 (declining to determine whether an "antiremoval presumption" is appropriate "in mine-run diversity cases").

In this case, Defendant's estimation that purported backpay damages exceed $89,000 is based on an unsupported and, apparently, mistaken assumption. Defendant assumed that Plaintiff had not found new employment since his termination and that he would seek backpay for all time elapsed between his termination in September 2017 and the conclusion of this litigation (estimated at 22 months). *See* ECF No. 6 at PageID#: 22. Plaintiff represents that Defendant's estimation is vastly exaggerated because, after being terminated, Plaintiff promptly

2

(5:19cv57)

mitigated damages by securing new employment.

Defendant argues that the Court should not credit Plaintiff's assertion that he mitigated damages because it appears not in an affidavit but in an unsworn brief. ECF No. 10 at PageID#: 33-34. The Court disagrees. As a *pro se* litigant, Plaintiff is entitled to speak for himself. His statement, made against his obvious interest (a larger recovery) is credible and accepted as a valid response to the Court's inquiry about subject-matter jurisdiction. In any event, the statement itself need not be proved true to accomplish its purpose — to point out that the assumption on which Defendant rests its argument (failure to mitigate damages) is unfounded. As the removing party, Defendant bears the burden to satisfy the Court of its jurisdiction, not Plaintiff.

Plaintiff's expressed wishes to pursue punitive damages and attorney fees do not so increase the amount in controversy as to meet the jurisdictional threshold. Employing Defendant's estimations, three months of lost compensation amounts to $12,981. In Ohio, punitive damages for economic injuries are capped at two times the amount of underlying compensatory damages. Ohio Rev. Code § 2315.21(D)(2)(a). Even if Plaintiff were to seek and recover punitive damages, then, the amount in controversy still would not exceed roughly $38,943. And although Plaintiff mentions attorney fees in his Complaint, he is proceeding *pro se*. According to Ohio law, *pro se* litigants may not recover attorney fees even when such recovery is authorized by the statute itself. *See State ex. rel Yant v. Conrad*, 660 N.E.2d 1211, 1214 (Ohio 1996); *Specht v. Finnegan*, 776 N.E.2d 564, 571 (Ct. App. Ohio 2002).

Defendant has failed to show that the Court has jurisdiction over the subject matter of this

3

(5:19cv57)

litigation.  For that reason, the case is remanded to the Summit County Court of Common Pleas.

    IT IS SO ORDERED.

 February 12, 2019                                */s/ Benita Y. Pearson*
Date                                            Benita Y. Pearson
                                                  United States District Judge